CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 26, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JAMES R. VAUGHTER, III,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00597 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **BLUE RIDGE REGIONAL JAIL AUTHORITY MAIN ADMINISTRATION LADC, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*James R. Vaughter, III, Pro Se Plaintiff.*

The plaintiff filed this action under 42 U.S.C. § 1983, alleging that jail officials violated his constitutional rights. Along with his Complaint, Vaughter submitted the following three motions: (1) Motion for Leave to Proceed In Forma Pauperis, (2) Motion to Appoint Counsel, and (3) Motion for Injunction. Following Vaughter's submission of his Complaint, on July 22, 2026, the court entered an Order conditionally filing the civil action pending satisfaction of certain requirements to be completed within thirty days. By the same Order, Vaughter was directed to notify the court in writing immediately upon his transfer or release from his facility and provide a new address. He was warned that failure to notify the court of an address change would result in dismissal of the case.

The Clerk mailed the Order to the address Vaughter provided on his Complaint; however, the mailing was returned to the court on August 5, 2026. Because the returned mailing did not include a reason for its return, the Clerk mailed the July 22, 2026, Order a second time. The mailing was once again returned to the court on August 19, 2026. This time, the returned envelope included a handwritten note stating "Not @ LADC." Mail. Ret., Dkt. No. 7. To date, no further correspondence has been received from Vaughter.

Without a current mailing address, the court cannot communicate with Vaughter regarding next steps in the litigation and the matter is prevented from proceeding. Accordingly, the court concludes that Vaughter may have lost interest in prosecuting this action and will, therefore, dismiss it without prejudice. *See Burrell v. Shirley*, 142 F.4th 239, 249 (4th Cir. 2025) (providing that Federal Rule of Civil Procedure 41(b) provides an explicit basis for courts to dismiss a case for failure to prosecute or comply with court orders).

For these reasons, the Complaint will be dismissed without prejudice, the pending motions will be denied as moot, and a separate Judgment will be entered.

ENTER: August 26, 2026

/s/ JAMES P. JONES
Senior United States District Judge